**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4119
_____

UNITED STATES OF AMERICA

v.

PETER WOODLEY,
a/k/a Darren Brown

Peter Woodley,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:13-cr-113)
District Judge:  Honorable Gustave Diamond

_____

Submitted Under Third Circuit LAR 34.1(a)
on Thursday, September 19, 2019

Before: KRAUSE and MATEY, *Circuit Judges*, and QUIÑONES,[*] *District Judge*

(Opinion filed: September 26, 2019)
_____

**OPINION**[*]
_____

_____

[*] Honorable Nitza I. Quiñones Alejandro, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Peter Woodley appeals the District Court's denial of his motion to suppress in which he challenged the admission of evidence obtained in two incidents. Regarding a September 2012 encounter with a Pennsylvania state trooper, he contends that the search of a rental car was unsupported by either probable cause or valid consent. Regarding a March 2013 DEA investigation, he contends that the District Court should have held a so-called "*Franks* hearing" to determine whether the warrant to track Woodley's real-time cell-site location information (CSLI) was founded upon false information. *See Franks v. Delaware*, 438 U.S. 154, 171 (1978). He also argues that the seizure of his person and bag was unreasonably prolonged, rendering the drugs seized the fruit of an unconstitutional *Terry* stop. We perceive no error in the District Court's rulings.

A. September 2012 Rental Car Search

Woodley contends that the September 2012 search of the rental car violated the Fourth Amendment's prohibition on unreasonable searches and seizures and that the District Court erred in holding he lacked a reasonable expectation of privacy in the car because he was not listed on the rental car agreement as lessee. This claim derives from *Byrd v. United States*, issued by the Supreme Court after the District Court's ruling, in which the Court held as a general matter that an unlisted lessee does have a reasonable expectation of privacy in a rental car. *See* 138 S. Ct. 1518, 1531 (2018). Given that intervening precedent, we might need to consider in other circumstances whether the expiration of the rental car agreement or Woodley's provision of a false name would

2

except him from *Byrd*'s general rule. But on the facts here, we agree with the Government that we "need not plumb the depths of Fourth Amendment jurisprudence in order to affirm." Appellee's Br. 41. That is because, even assuming both that Woodley had a reasonable expectation of privacy in the car and that the troopers did not have probable cause to search it, the search of Woodley's bag was nonetheless authorized by the voluntary consent of the rental agent who appeared on the scene.

It is axiomatic that a search based on the voluntary consent of a person whom an officer reasonably believes is authorized to give it is constitutional. *Illinois v. Rodriguez*, 497 U.S. 177, 186 (1990); *Schneckloth v. Bustamonte*, 412 U.S. 218, 248–49 (1973). Such consent grants officers the right to search any place over which they reasonably believe the consenting person exercises authority, *Georgia v. Randolph*, 547 U.S. 103, 109 (2006), and the scope of such consent is dictated by "[c]ommon sense," *United States v. Kim*, 27 F.3d 947, 956 (3d Cir. 1994).

Here, the rental agent had the authority to give consent to the search of the car and voluntarily did so. The rental agreement had expired at the time of the search, such that the officers could reasonably believe that possession of the car had reverted to the rental company. *See United States v. Lumpkins*, 687 F.3d 1011, 1013–14 (8th Cir. 2012). Given this belief, it was likewise reasonable for the officers to conclude that the rental agent had authority over the car and could therefore consent to a search of it. *See United States v. Morales*, 861 F.2d 396, 399–400 (3d Cir. 1988).

But even if the initial search of the car was constitutional, Woodley contends that the search of his bag found in the trunk of the car was not. While the rental agent's

3

consent to the search of the bag presents a closer question, the Government again has the better argument. True, the trooper who initiated the stop conceded at the suppression hearing that he did not think that the bag belonged to the rental agent. But he also testified that he did think that the rental agent's consent authorized his search of the bag, and we agree that this belief was reasonable under the circumstances. The trooper asked Woodley and his friend "if there was anything in th[e] vehicle that was theirs," and the friend said no while Woodley claimed ownership only of some "CDs." App. 331–32; *see Morales*, 861 F.2d at 399–400. In short, because the rental agent had authority over the car, the bag was found inside the car, and no other party claimed the bag, the trooper reasonably concluded that the rental agent's authority extended to the bag and the search was not constitutionally defective. *See Kim*, 27 F.3d at 956.

## B. The March 2013 Investigation

Woodley also challenges both the District Court's refusal to hold a *Franks* hearing regarding the warrant to track his CSLI and its rejection of his claim that his bag was unreasonably seized for three hours after arriving in Pittsburgh. We find no error in either holding.

### 1. The Franks Hearing

Woodley contends that he was entitled to a *Franks* hearing regarding the government's truthfulness in obtaining authorization to track his real-time CSLI. Under *Franks*, a court must hold an evidentiary hearing to determine whether a search warrant is invalid when a defendant makes a "substantial preliminary showing" that the affidavit contained knowingly or recklessly false statements. 438 U.S. at 170. When assessing the

4

sufficiency of the showing as to scienter, we consider that "the short useful life of an informant's drug-related tips require[s] that the officer produce the search affidavit in great haste." *United States v. Brown*, 3 F.3d 673, 678 (3d Cir. 1993). And as to materiality, we consider whether the officer's alleged misrepresentation concerned facts that a "reasonable person" would think salient to a judge. *Wilson v. Russo*, 212 F.3d 781, 788 (3d Cir. 2000) (citation omitted).

As relevant here, the District Court refused to hold a *Franks* hearing because it concluded that Woodley had not made the "requisite substantial preliminary showing . . . that the affidavit contained a false statement . . . necessary to the finding of probable cause." *United States v. Woodley*, No. 2:13-cr-113, 2015 WL 5136173, at *10 (W.D. Pa. Sept. 1, 2015).[1] We discern no error.

Woodley's central allegation of falsity is premised on the poor quality of the DEA's recording of a conversation between Woodley and the informant that was summarized in the affidavit. Woodley reasons that the government's failure to mention the poor quality of the recording suggests impropriety. But as the agents' affidavits explained, and Woodley does not dispute, they also conducted physical surveillance of

---

[1] As we conclude that Woodley did not make the requisite showing to hold a *Franks* hearing, we need not address his argument that the District Court erred in holding he lacked standing to challenge the warrant. *See Woodley*, 2015 WL 5136173, at *9; *see also Byrd*, 138 S. Ct. at 1530–31 (noting that Fourth Amendment standing is "not a jurisdictional question" and court can review probable cause before standing "in its discretion"). And as the District Court's carefully separated alternative holdings on standing and the sufficiency of the *Franks* showing demonstrate, *see Woodley*, 2015 WL 5136173, at *9–11, there is no merit to Woodley's argument that the two issues are inextricably intertwined.

5

that meeting and then debriefed the informant to ascertain Woodley's statements. The affidavits do not represent otherwise and, given that independent basis for the officers' account of the encounter, their failure to explain or discuss the inaudible recording was not a material omission. *See Wilson*, 212 F.3d at 789. Rather, the officers' course of action was eminently reasonable, as they took care to capitalize on the "short useful life of [the] informant's drug-related tips," *Brown*, 3 F.3d at 678, without misrepresenting his words in their affidavits. Absent additional proof that the agents lied about the informant's statements—and Woodley offers none—Woodley's contention that he made a sufficient threshold showing to justify a *Franks* hearing is untenable. *See United States v. Aviles*, --- F.3d ---, No. 18-2967, slip op. at 11–12 (3d Cir. Sept. 12, 2019).

2. Seizure of Woodley's Bag

Woodley's final argument—that the DEA agents unreasonably seized his person and bag when he arrived at the Pittsburgh bus terminal—fares no better. Woodley's argument turns on the distinction between a detention based on reasonable suspicion and a seizure based on probable cause. The Fourth Amendment requires that seizures of both persons and their effects be reasonable, *see United States v. Place*, 462 U.S. 696, 703 (1983), and the reasonableness of a given seizure depends upon the quantum of evidence justifying it—either reasonable suspicion or probable cause, *see Alabama v. White*, 496 U.S. 325, 329–31 (1990). Relying on *Place*, where the Court held a 90-minute detention of a bag unreasonable because mere reasonable suspicion allows officers only "minimally intrusive" detentions of personal effects, 462 U.S. at 709, Woodley contends that the three-hour detention of his person and bag was unconstitutional.

6

Woodley is mistaken in his premise: Here, the officers were acting on an informant's tip that was corroborated and therefore gave rise to probable cause. *Massachusetts v. Upton*, 466 U.S. 727, 734 (1984). The informant told the agents that Woodley would travel to Pittsburgh by bus to sell him heroin, and Woodley then arrived precisely where the informant had said he would at precisely the time the informant had said to expect him. Thus, "[t]he informant's story and the surrounding facts possessed an internal coherence that gave weight to the whole," creating probable cause. *Id.* And when officers have probable cause to believe that personal effects may contain evidence, the Fourth Amendment is permissive: They may—as they did here—"seize[] and secure[]" the item "to prevent destruction of evidence while seeking a warrant." *Riley v. California*, 573 U.S. 373, 388 (2014).

\*     \*     \*

For the foregoing reasons, we affirm the District Court's judgment of conviction.

7